In the Matter of the Claim of Susie Tirelli, Respondent, against Contractors for Dry Docks and J. Rich Steers, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeals from decisions and awards of the Workmen's Compensation Board. Of the three appeals taken, the one requiring present consideration is from an award for death benefits. Decedent worked for the employer from October 6, 1942, to May 27, 1943, as a concrete driller in the Brooklyn Navy Yard. He worked without a mask and there is proof that he became ill of silicosis in 1943. In that year he left this employment for another form of work in which there was no silica exposure. He became totally disabled in 1945, and the board has found that the total disability then was due to his previous exposure to silica dust and that his death in 1946 resulted from such prior exposure. The statute then applicable, section 67 under former article 4-A of Workmen's Compensation Law, provided coverage for such a death if it occurred " within five years following continuous disability from such disease." The proof of continuous and related existence of the disease is in the record; and the fact decedent did some other kind of work, differing from his usual occupation, for a part of this period does not negative " continuous disability ". The statutory definition of " disability " is the state of being disabled from earning full wages " at the work " at which the employee was last employed. (Workmen's Compensation Law, § 37.) In connection with the occupational disease considered here, this " last work " was drilling concrete for the employer. Besides this, the statute uses the words " within five years following continuous disability" which literally would mean that the period did not begin to run until after the disability had fully ceased, which would clearly bring this claim within the statute. These words have had a very liberal construction. (*Matter of Nigohosian* v. *Daub & Co., 275* App. Div. 463.) Decisions and awards affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.